# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| YAMILET MELENDEZ | * |
|     Plaintiff, | * |
| v. | *    Civil Case No. PWG-18-2135 |
| SPILLED MILK CATERING, LLC, *et al.*, | * |
|     Defendants. | * |

\* \* \* \* \* \* \*\* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Yamilet Melendez filed suit against Defendants Spilled Milk Catering, LLC and its owner Amit Gulati (collectively "Defendants") to recover unpaid overtime wages. Compl., ECF No. 1. Defendants were served and have not responded. ECF No. 4, 5. The Clerk filed an entry of default against Defendants on December 14, 2018, ECF No. 8, and Plaintiff filed the pending Motion for Default Judgment on February 13, 2019, ECF No. 9. Again, the Defendants failed to respond. Having reviewed the motion, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. Plaintiff has shown Defendants' liability, established liquidated damages, and is awarded $16,511.38. Plaintiff also seeks attorneys' fees and costs in this matter and will be awarded $5,250.50. Accordingly, Plaintiff's Motion for Default Judgment is GRANTED as modified for $21,761.88 in favor of the Plaintiff.

### Factual and Procedural History

Amit Gulani owns Spilled Milk Catering, LLC ("Spilled Milk"), a Maryland entity. Melendez Decl. ¶ 6, ECF No. 9-2. Mr. Gulani "made all relevant decisions regarding Plaintiff's wages and working conditions." Compl. ¶ 9. He also "manually wrote the pay checks and pay

statements" for the Plaintiff. Melendez Decl. ¶ 6. Plaintiff worked as a cook for the Defendants from approximately September 14, 2016 to April 16, 2018 at a typical rate of $14 per hour and a rate of $16 to $17 per hour on several occasions. *Id*. ¶¶ 2-3. Plaintiff asserts that she regularly worked in excess of forty hours per week and was not compensated at the required overtime rate of one and one-half times the regular hourly rate. *Id.* ¶¶ 4-5; Compl. ¶¶ 13-14.

On July 12, 2018, Plaintiff filed suit against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl. §§ 3-501, *et seq.* Compl. ¶ 1. Plaintiff served Defendants on August 3, 2018. In accordance with Rule 12(a) of the Federal Rules of Civil Procedure, Defendants' Answer to the Complaint was due to be filed on or before August 24, 2018, and the time within which Defendants could answer or otherwise defend has long since expired. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk issued an Entry of Default as to each defendant on October 12, 2018. ECF No. 8. The Defendants still have not responded, and now pending is this Motion for Default Judgment, filed by the Plaintiff on February 13, 2019. ECF No. 9.

**Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a party applies for default judgment. First, the rule provides that "when a party ... has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No. 14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see* Fed. R. Civ. P. 55(b). "The Fourth Circuit has

a 'strong policy' that 'cases be decided on their merits.'" *SEC. v. Lawbaugh*, 359 F. Supp. 2d 418, 420 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 420–22.

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 484 (citing *Ryan*, 253 F.3d at 780-81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see* Fed. R. Civ. P. 55(b).

**Discussion**

Plaintiff's well-pleaded factual allegations, taken as true, establish liability under the FLSA, MWHL, and MWPCL. The FLSA and MWHL require employers to pay one and one-half times regular hourly rates for any hours worked in excess of forty per week:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1); *see also* Lab. & Empl. § 3-415(a) ("[e]xcept as otherwise provided in this section, each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage, computed in accordance with § 3-420 of this subtitle"); *id.* § 3-420(a) ("[A]n employer shall

3

compute the wage for overtime under § 3-415 of this subtitle on the basis of each hour over 40 hours that an employee works during 1 workweek"). Plaintiff submitted a spreadsheet showing the quantity of hours worked and wages received over eighty-three weeks from September 17, 2016 through April 14, 2018. Wage Spreadsheet, ECF No. 9-3. The spreadsheet provides data showing forty-nine weeks in which overtime hours were performed; Plaintiff alleges that she never was paid at a rate of one and one-half the regular hourly rate. *Id.*; *see also* Melendez Decl. ¶¶ 4-5.

In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946), *superseded by statute on other grounds as stated in Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 799 (D. Md. 2010), the Supreme Court acknowledged the hurdle that employees face when employers lack records of wages and hours. Employees "seldom keep such records themselves," and dismissing their claim as "insufficient ... to merely offer an estimated average of overtime worked" created a penalty that incentivized employers to not keep "proper records in conformity with their statutory duty." *Id.* at 686-87. In seeking to set a "fair and proper standard" for the employee to meet, the Court ruled that an employee has carried out his burden if he proves "the amount and extent of that work as a matter of just and reasonable inference," which shifts the burden to the employer to "come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference." *Id.* at 688-89.

Here, in constructing the Wage Spreadsheet, to determine hours "in weeks for which Plaintiff did not have records, counsel used the data for the same week in the previous or following year, or an average of hours and rate during the given season." Pl.'s Mem. 3, ECF No. 9-1; *see also* Kurzyna Decl. ¶ 12, ECF No. 9-4. Plaintiff logged thirty-two weeks using this method; of those, twenty-one weeks warranted overtime pay. Wage Spreadsheet. Defendants were entitled to challenge the reasonableness of these inferences by presenting employment records and failed

4

to do so within the time allotted to file an Answer in accordance with Rule 12(a) of the Federal Rules of Civil Procedure. *See Anderson*, 328 U.S. at 688-89. Thus, I adopt Plaintiff's records as true in light of Defendants' default. *See Ryan*, 253 F.3d at 780. Defendants are therefore liable to Plaintiff under the FLSA and the MWHL for the difference between the overtime rate and her regular hourly rate for the hours worked in excess of forty hours per week.

Defendants are also liable under the MWPCL. The MWPCL requires that employers pay employees "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Lab. & Empl. § 3-505. The Maryland Court of Appeals has held that "both the [M]WHL and the [M]WPCL are vehicles for recovering overtime." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625-26 (Md. 2014). Plaintiff asserts that Defendant failed to pay overtime wages at the appropriate rate, that she is still owed overtime compensation, and that the Defendants' failure to comply with overtime requirements was "not a result of a bona fide dispute." Compl. ¶¶ 20-21. The Defendants are therefore also liable under the MWPCL for unpaid overtime wages.

**Damages**

To calculate damages, this Court "may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Joe Hand Promotions, Inc. v. Hanaro Bethesda, Inc.*, No. WGC-11-191, 2012 WL 2366378, at *4 (D. Md. June 20, 2012). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Flores v. City Certified Bldg. Servs., Inc.*, No. ELH-16-2135, 2016 WL 6780209, at *3 (D. Md. Nov. 16, 2016) (quoting *Lopez v. Lawns 'R' Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008)). Furthermore, "this court has awarded

damages for unpaid wages based on a Plaintiff's declaration asserting the average number of hours he worked." *Sanabria v. Cocody, Inc.*, No. DKC 16-0365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017). "But Plaintiff cannot recover under more than one theory." *Id.* (citing *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980) ). "Therefore, she only may recover an amount equivalent to the minimum wages she established as owed; she cannot recover three times that amount by ... [aggregating recoveries] under the FLSA, MWHL, and MWPCL." *Id.*

Plaintiff asserts that she worked in excess of forty hours "during many weeks" of her employment. Compl. ¶ 13; Melendez Decl. ¶ 4. The Wage Spreadsheet submitted by the Plaintiff details the hours worked for each week from September 14, 2016 to April 16, 2018, records the total amount of overtime hours, and logs the actual amount compensated. *See* Wage Spreadsheet. The Court adopts this chart in full as well-pled allegations of fact construed as true following entry of default. *See Ryan*, 253 F.3d at 780; *see also Flores,* 2016 WL 6780209, at *3. Accordingly, Plaintiff is entitled to $ 8,255.69 in lost overtime wages.

**Liquidated Damages**

Pursuant to the FLSA, an employer who withholds overtime compensation "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... *and* in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added); *see also id.* § 260 (allowing discretionary authority to the Court to award no additional liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA.")

On the other hand, the MWPCL states that "if an employer fails to pay an employee ... not as a result of a bona fide dispute, the court may award the employee an amount not exceeding *3*

6

*times the wage* [treble damages], and reasonable counsel fees and other costs." Lab. & Empl. § 3-507.2(a)-(b) (emphasis added). Nevertheless, the Supreme Court has noted that it "goes without saying that the courts can and should preclude double recovery by an individual." *Gen. Tel. Co. of the Nw.*, 446 U.S. at 333; *see also Vanegas v. Diaz Granados, Inc.*, No. PWG-15-2298, 2017 WL 345855, at *5 (D. Md. Jan. 24, 2017) (citing *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980) ); *Quiroz v. Wilhelm Commercial Builders, Inc.*, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011) ("Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both").

In this case, Plaintiff has requested treble damages under the MWPCL. Mot. Default J. 2; Pl.'s Mem. 4. In practice, treble damages have been awarded for public policy and remedial reasons, to protect workers, and to incentivize employers to pay their employees regularly. *Lopez*, 2008 WL 2227353, at *4 (report and recommendation noting that "[e]nhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification") (citing *Admiral Mortg., Inc. v. Cooper*, 745 A.3d 1026, 1034-35 (Md. 2000)); *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 848 (D. Md. 2005); *Cruz v. Home & Garden Concepts, LLC*, No. GJH-15-204, 2016 WL 3679139, at *7 (D. Md. July 12, 2016) (report and recommendation noting that "[a]warding treble damages appropriately punishes the Defendants for their misconduct and places other employers on notice about the consequences of violating the MWPCL"). However, less than treble damages have been awarded in situations where employers appear less culpable or plaintiffs have not proven consequential damages in addition to their unpaid wages. *Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, No. GJH-13-01888, 2016 WL

7

2990720, at *6 (D. Md. May 20, 2016) (holding that double damages were appropriate when the employer provided some cash payments during employment but not what was owed); *Sanabria v. Cocody, Inc.*, No. DKC-16-0365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017) ("[I]t has become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the "defendants '[do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but the] plaintiffs '[do] not offer any evidence of consequential damages suffered because of the underpayments.'") (quoting, *e.g.*, *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012)) (report and recommendation). Here, Plaintiff has not proven consequential damages. Therefore, I will deny Plaintiff's request for treble damages, and instead award liquidated damages pursuant to the FLSA. Through their failure to respond, Defendants have not shown to the satisfaction of the Court that their non-payment of overtime wages was in good faith or that they had reasonable grounds to believe that they were not violating the FLSA. *See* 29 U.S.C. § 260. Plaintiff is therefore awarded an additional $8,255.69 in liquidated damages under 29 U.S.C. § 216(b) in addition to lost wages for a total damage award of $16,511.38.

### Attorneys' Fees and Costs

Plaintiff also seeks attorneys' fees and costs. Mot. Default J. 2. Reasonable attorneys' fees and costs are mandatory under 29 U.S.C. § 216(b). *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir. 1960). The MWHL also enables the Court to award reasonable attorney's fees and costs. *See* Lab. & Empl. § 3-427(d). In calculating an award for attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the

fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). In determining whether the lodestar results in a reasonable fee, this Court evaluates "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at *6 (D. Md. Nov. 21, 2002). Those factors are:

> the time and labor required; the novelty and difficulty of the questions; the skill requisite to properly perform the legal service; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

*Id.* at *6 n.19 (citing *Johnson*, 488 F.2d at 717–19). However, the Supreme Court has noted (and experience awarding attorneys' fees has confirmed) that the subjective *Johnson* factors provide very little guidance and, in any event, that "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Perdue*, 559 U.S. at 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 549, 566 (1986)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). In Appendix B to its Local Rules (D. Md. Dec. 1, 2018), available at https://www.mdd.uscourts.gov/sites/mdd/files/LocalRules.pdf, this Court has established rates

that are presumptively reasonable for lodestar calculations. *See, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000).

Here, Plaintiff seeks a total of $4,760.50 in attorneys' fees for 14.4 billable hours. Fee Summ., ECF No. 9-6. In this matter, Plaintiff had the assistance of two attorneys, Mariusz Kurzyna and Michael Amster, and several paralegals. They billed as follows:

| Attorney/Paralegal | Hours | Rate | Amount Billed |
|---|---|---|---|
| Mariusz Kurzyna | 11.3 | $350 | $3,955.00 |
| Michael K. Amster | 1.8 | $350 | $630.00 |
| (three paralegals) | 1.3 | $135 | $175.50 |
| **Total** | **14.4** | | **$4,760.50** |

*Id*. 1-2; Kurzyna Decl. ¶ 14; Amster Decl. ¶ 10. Ms. Kurzyna had been practicing law for thirteen years at the onset of this litigation and has extensive experience in wage and hour employment litigation. Kurzyna Decl. ¶¶ 2, 10. Mr. Amster had been practicing law for nine years at the onset of this litigation and also has worked extensively on wage and hour litigation. Amster Decl. ¶¶ 2, 7, 9. The attorneys' hourly rates sought by Plaintiff are reasonable under the guidance of the Local Rules. Loc. R. App'x B at 3.c, 3.f (stating that $225 to $350 is a reasonable rate for attorneys with nine to fourteen years of practice and that $95 to $150 is a reasonable rate for paralegals). Furthermore, the experience of the attorneys supports a finding that the hours attributed to this litigation were reasonable, and the number of hours expended and the fees claimed are in line with the *Johnson* factors. Accordingly, Plaintiff is entitled to $4,760.50 for reasonable attorneys' fees.

Plaintiff also seeks to recover costs totaling $490.00 ($400.00 for the initial filing fee and $90.00 for effecting service on Defendants). Fee Summ. Under the FLSA and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Lopez*, 2008 WL 2227353, at *7 (quoting *Spell v.*

*McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988)) (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation"). The costs Plaintiff submitted are reasonable. Accordingly, Plaintiff is entitled to the requested $490 in costs.

## CONCLUSION

Ms. Melendez has established Defendants' liability for failure to pay overtime wages in accordance with applicable Maryland and federal law. Judgment will be entered as modified in the amount of $16,511.38 in lost wages and liquidated damages, $4,760.50 in attorneys' fees, and $490 in costs for a total of $21,761.88 in damages awarded to the Plaintiff. A separate order will follow.


Date: <u>July 8, 2019</u>                             <u>/S/</u>
                                                                               Paul W. Grimm
                                                                               United States District Judge